26 C.C.P.A.(Patents)

## In re ROLPH.
## Patent Appeal No. 4059.

Court of Customs and Patent Appeals.
April 10, 1939.

John M. Cole, of New York City (Joel B. Liberman, of New York City, and John E. Bangs, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D.C. (Howard S. Miller, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

We have here an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner denying patentability, chiefly in view of prior art, of all the claims (numbered 26 to 38, inclusive,) of an application for patent entitled "Light Directing Brick and Walls and Buildings Utilizing the Same."

As illustrative we quote claims 26 and 29:

"26. A brick for constructing light transmitting walls comprising a hollow, box-like light transmitting body, having vertical side and end walls and a transversely extending, substantially horizontal wall, refracting prisms in at least one side wall, said prisms being so constructed and so arranged on said side wall as to receive all the downwardly slanting light incident on one face of the brick and refract it so that the dominant light rays are emitted from the opposite face of the brick in an upwardly oblique direction."

"29. In a building, a wall composed of light transmitting box-like bricks, assembled in courses, each brick having vertical substantially transparent side walls to form the inner and outer faces of the building wall, vertical end walls interconnecting the side walls, and at least one transversely extending, substantially horizontal wall, each brick having longitudinally extending prismatic, light-directing means extending substantially uniformly over its entire length and height and so constructed and so arranged as to act on downwardly slanting sky light received on the outer face of the brick and elevate this light so that it is emitted from the inner face of the brick in upwardly slanting directions, and a ceiling disposed inwardly of the inner face of the wall to receive said upwardly slanting light and redistribute it downwardly for interior illumination."

The references cited are: Winger (Br.), 13,248, June 14, 1898; Cochrane et al., 1,949,899, Mar. 6, 1934.

All claims of the application are for structure. Claims 26, 27 and 28 are limited to the brick. The others relate to a building made of the brick.

Samples of the bricks were displayed at the hearing before us. They are composed of glass material and, in outward shape, are not unlike some conventional clay bricks. They are hollow and the drawings show one side (one of the drawings shows both sides) fluted, or ribbed, in a manner which creates a series of prisms running longitudinally. By means of these prisms the rays of light entering the sides of the bricks are deflected from a straight line and are redirected by either refraction or reflection.[1]

Claims 26 and 27, limited to the brick, are specific to the refracting feature of

---

[1] A footnote of appellant's brief states:
The phenomenon of refraction takes place when light rays pass from the medium of one optical density into the

the prisms. Claims 29 to 34, inclusive, and claim 38, relating to buildings made of the brick, are apparently broad enough to cover both the refracting and reflecting features. In addition each claim of this group embraces the principle of the feature described in the clause of claim 29, supra, reading, "ceiling disposed inwardly of the inner face of the wall to receive said upwardly slanting light and redistribute it downwardly for interior illumination." Claim 37, like claim 29, has a limitation relating to refracting light "into upwardly slanting directions." Claim 28 is directed to a brick "wherein the prisms are exteriorly disposed" and claim 35 is for a building composed of the brick described in claim 28. Further details need not be stated.

The patent to Cochrane et al. discloses hollow glass bricks, or blocks, laid in a wall, the bricks being provided with ribs in their sides or ends which ribs are designed to create a surface that will diffuse and scatter the rays of light entering the wall. It contains no teaching of deflecting the rays by either reflecting or refracting them. As we understand the device, the ribs simply have the effect of rendering the structure translucent, and the citation of it seems to have been, in the view of the board, mainly for the purpose of showing it to be old to build a wall of light-transmitting bricks.

The British patent to Winger is for a glass pane having prismatic elements which cause a deflection or change of direction of the rays of light as they strike the surface of the pane. Of this patent the board said: " * * * the British patent to Winger shows a glass pane which we consider strictly analogous to appellant's glass brick which is provided with prismatic reflecting or refracting surfaces, or both. This pane is designed to reflect or refract light entering the same from an upwardly inclined direction and cause the same to leave the pane in a different direction."

The board then points out that the patent does not say that the light rays are to be deflected upwardly so as to be diffused by subsequent reflection from a ceiling, and it is recited that there is a diagrammatic showing in the patent of a substantially horizontal path of travel of the rays as they leave the pane. Because of this showing appellant urged before the board and urges before us, in substance, that Winger merely contemplated so changing the direction of the rays of light as to illuminate enclosed spaces at some distance back from the window, and that it may not be taken as anticipatory of appellant's arrangement whereby the rays entering the bricks or walls downwardly are deflected upwardly in an oblique direction, it being particularly stressed that the patent fails to show the feature of those claims which specify the carrying of the light to the ceiling whence it is diffused downwardly. No reference was cited showing this particular feature, but the board took judicial knowledge of the fact that it is a common expedient to illuminate rooms by directing artificial light to the ceilings and causing its diffusion or reflection therefrom, and held that the treating of natural light in this way "is not a matter of invention."

The board's opinion further states: "While we are not satisfied that the Cochrane et al. patent is a complete anticipation of this combination, we do feel that it involves no invention over Cochrane, especially in view of Winger."

By way of recapitulation, we state in general terms our impressions respecting appellant's claimed invention and the applicability of the prior patents cited, coupled with the matter of which the board took judicial knowledge. For simplicity in statement we shall refer to the bricks and articles as being of glass, although the claims of the application are not limited to glass, nor are the claims in the patent to Cochrane et al. so limited. Each claim of the Winger patent is limited to a glass pane. Appellant conceived and designed a hollow glass brick with a side, or sides, fluted or ribbed to form prisms, which prisms were given the dimensions and slants essential, under the physical laws of light refraction and light reflection, to catch downwardly slanting rays of light and deflect such rays in an upwardly slanting direction. He also conceived and designed a building to be constructed of such bricks, the ceiling of which building

medium of a different optical density. The light ray is bent as it goes from the air into the glass and is again bent as it goes from the glass into the air so that its direction is changed. The phenomen-

on of reflection takes place when light strikes a medium through which it does not pass and it is sent in a direction dependent on the angle of incidence.

should catch the upwardly deflected rays of light and redistribute them downwardly for illumination of the interior of the building.

The patent to Cochrane et al., in our opinion, has little if any application to this case. The bricks of this patent, as has been explained, were designed to diffuse, not to refract or reflect, the rays of light and, of course, in a building made of this kind of bricks there would not be a result such as appellant sought to obtain and presumably did obtain. A building constructed of the Cochrane et al. bricks would merely be a translucent structure. The problem Cochrane et al. sought to solve, and it may be assumed did solve, was entirely different from the problem attacked by appellant.

Much the same may be said of the Winger glass pane. Winger made a pane, one form of which is "preferably built up of a number of blocks of glass." These blocks constitute prismatic features that cause the rays of light received upon the pane's surface to be deflected into enclosed spaces back of the pane in horizontal lines. The result which he sought and obtained was different from that of the application at issue. The plane of deflection provided by Winger differed not only in marked degree but in purpose from the angles of deflection provided by appellant.

So far as we are aware, the term "invention" as used in the Constitution and statutes relating to patents has never received affirmative judicial definition. In the very nature of things an abstract affirmative definition seems impossible, and in cases innumerable the question arises whether the work of an applicant represents invention or mere mechanical skill. We have that question here; that is, whether applicant's work represents invention over the prior art cited plus the common practice of diffusing rays of artificial light downwardly after their reflection upwardly to a ceiling.

It is our conclusion that it did involve invention. It seems to us that the concept of causing deflection of light rays in the manner which has been described was inventive. To consummate the conception and embody it in structural form must have required calculations based upon the physical laws relating to light, and, finally, experiments to determine whether the result desired had been obtained. We, there-

fore, feel constrained to disagree with the conclusion of the tribunals of the Patent Office.

The decision of the board is reversed. Reversed.